# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| RAY TURNER a/k/a AUTHOR X a/k/a AUTHUR R. TURNER, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 15-1135-JDT-cgc |
| DERRICK SCHOFIELD, ET AL., | ) ) | |
| Defendants. | ) | |

---

## ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS
## AND MODIFYING SCHEDULING ORDER

---

The *pro se* prisoner Plaintiff, Ray Turner a/k/a Author X a/k/a Authur R. Turner, a

Tennessee Department of Correction (TDOC) inmate who is currently incarcerated at the

South Central Correctional Facility (SCCF) in Clifton, Tennessee, filed this complaint

pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act

(RLUIPA), 42 U.S.C. § 2000cc *et seq.* (ECF No. 1.) The complaint concerns events that

occurred during Plaintiff's previous incarceration at the Northwest Correctional Complex

(NWCX) in Tiptonville, Tennessee.

On July 20, 2016, the Court issued an order dismissing portions of the complaint and

directing that process be issued for the following Defendants: TDOC Food Service Director

Jane Amonett; NWCX Warden Mike Parris; NWCX Food Service Manager Veronica

Cadney; NWCX Assistant Food Managers Susan Redden and Rick Duncan; NWCX

Chaplain Kurt Gross; and former NWCX Chaplain Mike Lavender. (ECF No. 11.) The remaining claims are those alleging that Plaintiff was denied a nutritious diet that accommodated his religious beliefs and that he was denied passes for religious services because he wanted to use his Muslim name on the sign-up sheet rather than the name under which he was convicted — his "committed" name.

On October 13, 2016, all of the Defendants except Defendant Lavender filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 37.) After Defendant Lavender was served with process, he filed notice that he joined in the motion to dismiss. (ECF No. 56.) On December 16, 2016, Plaintiff filed a "motion to dismiss" the Defendants' motion, which is construed as a response to the Rule 12(b)(6) motion. (ECF No. 45.)[1]

In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While the complaint "does not need detailed factual allegations" the plaintiff must supply sufficient allegations "to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S.

---

[1] The Clerk is DIRECTED to terminate the "motion" at Docket Entry 37 created by Plaintiff's response.

at 678. Although the court "primarily considers the allegations in the complaint . . . exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).[2]

Defendants first contend that Plaintiff's First Amendment claims under 42 U.S.C. § 1983 are barred by the applicable limitations period. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), Plaintiff's complaint is deemed filed, at the earliest, when it was executed on May 29, 2015. Defendants thus argue that all § 1983 claims arising before May 29, 2014, are untimely. Plaintiff disputes this assertion, correctly asserting that the statute of limitations was tolled

---

[2] The Sixth Circuit also stated in *Amini* that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Id.* (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

while he exhausted any pertinent grievances.  *Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000).

Exhibits attached to the complaint show that Plaintiff filed several grievances at the NWCX that appear to be related to his religious diet and other religious accommodations. (*See* Ex. D, ECF No. 1-11; Ex. E, ECF No. 1-12; Ex. G, ECF No. 1-14.)  The date of the final administrative decision on most of those grievances was within one year of the filing of the complaint.  However, the precise subject matter of some of the grievances cannot be determined due to the very poor reproduction quality of the documents.  (Ex. G. at 4-5, 12-13, 19-20, 38-40, 47-48, 57-59, 66-68, 70, 83-85, ECF No. 1-14.)  Therefore, it is unclear whether any of the specific claims raised in this case were exhausted more than one year before the complaint was filed.  Accordingly, Defendants are not entitled to dismissal based on the statute of limitations.

Defendants Amonett and Parris, as TDOC Food Service Director and NWCX Warden, respectively, argue that dismissal on the § 1983 claims against them is appropriate because Plaintiff has failed to allege anything other than *respondeat superior*.  Because the Court's order of partial dismissal directed the Clerk to issue process for Defendant Parris (ECF No. 11 at 22-23), it was not entirely clear that the order dismissed the § 1983 supervisory claims against Defendants Schofield, Watson *and* Parris (*id.* at 13-15.)[3]  The Court here clarifies that the § 1983 claims against Parris were previously dismissed.

---

[3] It was the Court's intent that process be issued for Defendant Parris only on the RLUIPA claim.

With regard to the § 1983 supervisory claims against Defendant Amonett, the applicable law was set out in the prior order. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that the supervisor was personally involved in the alleged constitutional violation. *Grinter v. v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

In this case, the complaint does not allege that Defendant Amonett was personally involved in denying Plaintiff a religious diet. At most, Plaintiff alleges that Amonett failed to respond satisfactorily to his letters of complaint. (ECF No. 1 ¶¶ 308-313, at 36-37.) Therefore, the § 1983 claims against Defendant Amonett are also subject to dismissal for failure to state a claim on which relief may be granted.

Defendants Cadney, Redden and Duncan contend that Plaintiff has failed to state a First Amendment claim under § 1983 for deprivation of his right to freely exercise his religion. Plaintiff, who is a member of the Nation of Islam who states that he follows the

dietary teachings of the "Most Honorable Elijah Muhammad" (*id.* ¶ 333, at 39), alleges he was not receiving meals that complied with his specific religious restrictions and also met his nutritional and health needs. Plaintiff also alleges that he is allergic to peas and beans, including soy and its byproducts; therefore, his vegetarian options are also limited. (*E.g., id.* ¶¶ 20, 44-46, at 4, 7.)

Defendants assert that Plaintiff received vegetarian meals which are Halal-compliant under TDOC policies and, therefore, contend the allegation that his diet violated his religious beliefs fails to state a claim. The Court disagrees and finds that the issue of whether Defendants' failure to accommodate Plaintiff's specific dietary restrictions violated the First Amendment is not appropriately resolved on a motion to dismiss.

With regard to Plaintiff's allegation that his food allergies further limit his dietary choices, Defendants contend that Plaintiff should have brought that claim under the Eighth Amendment for deliberate indifference to his serious medical needs. While Defendants may technically be correct, prisoner complaints must be construed liberally, and Plaintiff does allege that Defendants had knowledge of his allergies to peas and beans, including soy, yet expected him to eat food containing those substances. Therefore, the Court will allow Plaintiff a brief extension of time to amend his complaint to more fully assert such an Eighth Amendment claim if he chooses to do so.

Defendants Gross and Lavender also seek dismissal of the § 1983 claims against them for depriving Plaintiff of his right to freely exercise his religion. Plaintiff alleges these Defendants failed to issue him passes for religious services because he would not use his

"committed" name on the sign-up sheet instead of his chosen Muslim name. Defendants argue that the prison policy requiring inmates to use their "committed" name on official documents is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Specifically, it is asserted that this policy is necessary for the "safety, security and orderlinesss" of the prison. (ECF No. 38 at 13.) However, the Court cannot conclude, on a motion for failure to state a claim, that the *Safley* factors require dismissal of Plaintiff's allegations regarding the use of his Muslim name.[4]

All of the Defendants move for dismissal of Plaintiff's claims under RLUIPA. The Sixth Circuit has held that RLUIPA does not permit claims for money damages against state prison officials in their individual capacities. *Haight v. Thompson*, 763 F.3d 554, 568-70 (6th Cir. 2014). Nor does RLUIPA constitute a waiver of the State's Eleventh Amendment immunity from claims for money damages in official-capacity suits. *Cardinal v. Metrish*, 564 F.3d 794, 800-01 (6th Cir. 2009).

Furthermore, because Plaintiff is no longer incarcerated at the NWCX, his claims for injunctive relief under RLUIPA are rendered moot with regard to the Defendants in this case. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 580 n. 1 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v. Mich. Dept. of Corr.*, 65 F.3d 489, 491 (6th Cir.

---

[4] The Court notes that Defendants have not discussed why a Muslim inmate could not be permitted to use both his chosen name and his "committed" name on the sign-up sheet or whether the sign-up sheet even qualifies as an "official" TDOC document.

1995). Although he is still in TDOC custody, Plaintiff is now housed at the SCCF, which is managed by CoreCivic (formerly Corrections Corporation of America), a private prison-management company.

For the foregoing reasons, Defendants' motion to dismiss is PARTIALLY GRANTED and PARTIALLY DENIED. Plaintiff's claims under RLUIPA are dismissed as to all of the Defendants, and the First Amendment claims under § 1983 against Defendant Amonett are also dismissed.[5] However, the First Amendment claims under § 1983 against Defendants Cadney, Redden, Duncan, Gross and Lavender will go forward.

Plaintiff is allowed through October 13, 2017, to amend his complaint to assert an Eighth Amendment claim regarding his food allergies. However, Plaintiff may not amend his complaint to raise any claims other than a specific Eighth Amendment claim concerning his food allergies. No extensions of this amendment deadline will be granted.

The discovery deadline is reset for January 12, 2018, and the dispositive motion deadline is reset for February 12, 2018.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] This ruling disposes of all claims brought against Defendants Parris and Amonett; therefore, the Clerk may show these Defendants as "terminated" on the docket.